# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50381 | **DATE** | June 7, 2001 |
| **CASE TITLE** | | LIEBFORTH v. BELIVIDERE NATIONAL BANK | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] In accordance with the attached order, Plaintiff's motion to compel is granted in part and denied in part. Defendant is to respond to outstanding discovery by June 28, 2001. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see attached order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | JUN - 8 2001 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| TML | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

Document Number: 33

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

MARGARET M. LEIBFORTH,      )
                            )
         Plaintiff,         )    Case No. 99 C 50381
                            )
    v.                      )    Philip G. Reinhard
                            )    P. Michael Mahoney
BELVIDERE NATIONAL BANK, an Illinois )
Corporation and JAMES METZ, individually )
and as CEO of the Belvidere National Bank, )
                            )
         Defendant.         )

## Memorandum Opinion and Order

This case involves Plaintiff's claims of employment discrimination, based on age and gender. Currently, the parties are involved in discovery and have raised some issues that they are unable to resolve without this court's assistance. On March 26, 2001, Plaintiff filed a Rule 37 motion to compel. Fed. R. Civ. P. 37. That motion was heard on March 28, 2001. At that time, Defendant informed this court that Plaintiff had failed to comply with Local Rule 37.2. LR 37.2. That rule provides that parties must attach to every Rule 37 motion a statement that the parties had consulted in person or by telephone and made good faith attempts to resolve their differences but were unable to reach an accord. Because Plaintiff had not complied with LR 37.2 this court ordered the parties to hold a LR 37.2 conference and submit reports by April 16, 2001, specifying what discovery issues remained to be resolved. A discovery conference was held on April 18, 2001, to address the issues raised in the reports submitted by the parties. At that time, the parties were again instructed to confer to determine if the discovery disputes could be resolved. This court has since been informed that none of the issues raised in the April 16, 2001, reports have been settled.

The majority of the issues raised in Plaintiff's motion to compel and in her April 16, 2001,

report concern Defendants' responses to interrogatories. Currently, Plaintiff seeks to compel further responses to the majority of her interrogatories and 4 requests for production.

**Interrogatories**

The first issue raised by Plaintiff, with regard to Interrogatory Nos. 3 and 4, is her requests for information regarding branch offices of Defendant Bank. As stated in the April 18, 2001, discovery conference, Plaintiff is entitled to discovery of information from which she can derive a statistical analysis of Defendants' employment practices. As this court pointed out, the Seventh Circuit's decision in *Bell v. EPA* held that statistical evidence, in conjunction with other evidence, can be probative as to the issue of whether disparate treatment is the result of discrimination. 232 F.3d 546, 552 (7th Cir. 2000). Plaintiff is entitled to information, for statistical purposes, on other bank branches in order to create a large enough pool for a meaningful analysis. Plaintiff's motion to compel as to this information is granted.

In Interrogatory No. 5, Plaintiff requested information relating to the dates of employment of employees under and over the age of forty. Defendant has objected to the interrogatory on the basis of burden and relevancy. The information requested by Plaintiff is relevant again for the purpose of performing an analysis of Defendant's employment practices. Defendant has not provided any evidence of the burden of producing this information. Absent any information to the contrary, this court finds that Defendant must respond to this interrogatory as the burden does not outweigh the likely benefit of the information. Fed. R. Civ P. 26(b)(2). This court notes that according to Defendants' response to Plaintiff's interrogatories, the total number of employees retained by Defendant is less than 100. Therefore, it is unlikely that the production of any relevant information will create an undue burden on Defendant.

Defendant has objected to Interrogatory Nos. 6, 7, 8, 16(e) and 25, as to the scope of the interrogatories. Plaintiff has requested information either for an unspecified time period or for the time period beginning in 1989 and ending in 1999. Defendant objects to providing responses to interrogatories based upon those time periods as beyond the scope of the litigation. It is this court's practice in this type of case to permit discovery to extend to the five years preceding the alleged discriminatory acts. It has been this court's experience that this time frame is not overly burdensome and permits plaintiffs to gather evidence of defendants' employment practices. The scope of the discovery may then be broadened upon a showing by plaintiffs that extending the time period would likely produce further evidence of discrimination. Therefore, Defendant is directed to answer Interrogatory Nos. 6, 7, 8, 16(e) and 25 for the time period including the five years preceding the alleged discriminatory act. Further, as to Interrogatory No. 8, Plaintiff seeks to compel Defendant to provide the name and gender of the individuals hired to fill the vacancies. This court declines to compel Defendant to provide that information as it was not requested in that interrogatory.

The time frame issue also applies to Interrogatory No. 9. Defendant has also objected to Interrogatory No. 9 on the basis that the information sought is irrelevant. Plaintiff requested information regarding employees who have been discharged based on issues of performance. Defendant asserts that this is not a discharge for poor performance case and that information as to employees that have been so discharged is irrelevant. Information as to the age of those employees discharged for poor performance for the period of five years preceding the discrimination claimed by Plaintiff may be relevant in establishing that Defendant discriminated on the basis of age. Plaintiff's motion as to Interrogatory No. 9(a) and (g) is granted. The remaining subparts of Interrogatory No. 9 provide too little potential for relevant information to justify the burden on

3

Defendant of producing the information. The remaining subparts request information such as the nature of the performance problem, corrective measures taken and the name title and age of the supervisor who made the termination decision.

Defendant has objected to two subparts of Interrogatory No. 12, claiming that those requests are overly broad, burdensome and irrelevant. Subparts *g* and *i* request the name, age, sex and title of employees enrolled in a training program and whether or not Plaintiff applied for admission to a training program but was denied. Again, given the size of Defendant's employee base, the burden on Defendant of producing this information is not great. While the enrollment of employees protected against age or gender discrimination in training programs is only tangentially related to Plaintiff's claims of discrimination it may be relevant or lead to relevant evidence of discrimination. Plaintiff's motion is granted as to Interrogatory No. 12.

With respect to Interrogatory No. 14, Plaintiff has asked Defendant to identify all witnesses to the alleged discrimination, their address, job title, the date on which they became aware of the discrimination, the substance of their information and whether they gave a statement or account of the alleged discrimination. Defendant has identified former employee, Kim Larson, as a witness. Plaintiff seeks Mr. Larson's telephone number so that she may contact him. First, it should be noted that the interrogatory does not request the telephone numbers of the witnesses, only their addresses. Also, this court directs Plaintiff to the 2001/2002 *McLeodUSA* phone directory, page 574. Mr. Larson's phone number is listed there. This court did not call the number to ensure that it is, in fact, the current number for Mr. Larson and suggests that Plaintiff should attempt that before filing additional Rule 37 motions. Plaintiff's motion as to Interrogatory No. 14 is denied.

In Interrogatory No. 20 Plaintiff has requested information regarding Defendant's employee

4

profile, broken down by gender. Plaintiff has requested the information for the years 1989 through 1999. Much of the information requested in this interrogatory has already been provided for 2001 in response to Interrogatory No. 4. Information as to Defendant's employee profile, broken down by gender for the five years preceding the alleged discrimination is relevant as has been previously found in this order. Defendant is ordered to provide information regarding its employee profile for the five years preceding the alleged discrimination. Interrogatory No. 21 requested information on the filling of job vacancies, also broken down by gender. With respect to the filling of job vacancies, Plaintiff's complaint alleges that Defendants intentionally discriminated against her on the basis of age by forcing her to retire and that Defendants' age discrimination was directed primarily at female employees. Plaintiff's complaint did not indicate that Defendants in any other way, through discriminatory hiring, promoting or firing, discriminated against employees on the basis of gender. The burden of production with respect to this information outweighs the potential relevancy, therefore, Plaintiff's motion with regard to that portion of those interrogatories is denied.

Interrogatory Nos. 24 and 25 seek information identifying employees occupying managerial or other high-level positions from 1989 through 1999 and the filling of vacancies in those positions from 1996 through 1999. Defendants have objected to this interrogatory on the bases of irrelevance, scope and burden. With respect to these interrogatories, the potential for relevant evidence is outweighed by the burden to Defendants in locating and producing the evidence. The interrogatories contain 14 subparts in total and request information regarding all vacancies in managerial positions, the applicants for those positions, the individuals retained in those positions and their employment histories. The scope of the interrogatories greatly exceeds the scope of the complaint and places undue burden on Defendants. Plaintiff's motion is denied as to Interrogatory Nos. 24 and 25.

Plaintiff's remaining interrogatories, numbered 26 through 34 exceed the number of interrogatories permitted by Rule 33. Fed. R. Civ. P 33(a). Rule 33 provides that parties may serve interrogatories, not to exceed 25 in number to be answered by the opposing party without leave of court or written stipulation. Plaintiff was informed that this court would not grant a motion to compel responses to interrogatories in excess of the number permitted by the rules without a motion for leave to serve additional interrogatories. No such motion has been filed. Plaintiff's motion to compel as to Interrogatory Nos. 26 - 34 is denied.

**Document Requests**

Four issues remain to be resolved at to Plaintiff's production requests. As to Request No. 1, Plaintiff requests organizational charts of Defendant corporation, titles, names and addresses of officers and facilities. Defendants' response to this request has been limited to documents relating to the Kirkland branch only. As stated above, given the relatively small size of the corporation in general and the Kirkland branch in particular, Plaintiff is entitled to discovery as to all branches of Defendant corporation. Plaintiff's motion to compel as to Request No. 1 is granted.

Defendants also object to the scope of Plaintiff's Request Nos. 8 and 10. Those request seeks all job notices posted by Defendant, job orders provided to employment agencies and advertisements. Defendant has produced the job postings for Plaintiff's former position as to the Kirkland branch. This court finds that Defendants sufficiently responded to Request Nos. 8 and 10. Information regarding other job postings is not relevant to Plaintiff's claim for age or gender discrimination. Plaintiff's motion as to Request Nos. 8 and 10 is denied.

Finally, in Request No. 16, Plaintiff seeks the production of all resumes, CV's and/or applications for the branch manager position formerly held by Plaintiff. Defendant has only

6

responded to this request as to Plaintiff's replacement. This court finds that the documents sought by Plaintiff are relevant. Defendants' choice, out of a pool of applicants, regarding Plaintiff's replacement may provide evidence of age or gender discrimination. Plaintiff's motion as to Request No. 16 is granted.

**CONCLUSION**

In accordance with the above opinion, Plaintiff's motion to compel is granted in part and denied in part. Defendant is to respond to outstanding discovery by June 28, 2001.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 6/7/01