

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50381 | **DATE** | 7/30/2002 |
| **CASE TITLE** | LEIBFORTH vs. BELVIDERE NATIONAL BANK, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted and this case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | JUL 30 2002 | |
| | Notified counsel by telephone. | date docketed | 67 |
| | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 7-30-02 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

FILED-WD
02 JUL 30 AM 10:33
U.S. DISTRICT COURT
CLERK

# MEMORANDUM OPINION AND ORDER

Plaintiff, Margaret M. Leibforth, filed suit against defendant, Belvidere National Bank and its CEO, James Metz, alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e et seq. ("Title VII"). Metz has been dismissed from this action. The court has jurisdiction under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331. Defendant moved for summary judgment under Fed. R. Civ. P. 56.

Plaintiff, a female, was born on May 19, 1943 (Compl. Exh. A) and worked for defendant from March 3, 1980 until December 31, 1998. (LR 56.1(a) ¶¶11, 49) On December 17, 1997, at age fifty-four, she was promoted to Assistant Vice-President/Branch Manager of the Kirkland Branch. (Id. ¶16) In May 1998, after plaintiff had listed her house for sale, she told Kim Larson, who was her supervisor (Id. ¶20), that plaintiff's husband was considering retiring. (Id. ¶32) At a meeting with plaintiff on May 28, 1998, Metz, informed plaintiff of his plans to hire someone for her position as Assistant Vice-President/Branch Manager due to plaintiff's intent to leave defendant's employ when her house sold. (Id. ¶33h)[1] The minutes of a June 25, 1998 bank officers' meeting reflect that Metz announced at that meeting the future retirement of plaintiff to Tucson, Arizona. (Id. ¶34) Plaintiff did not attend that officers' meeting but did receive a copy of the minutes though possibly not until the next meeting on July 25 or 26, 1998. (LR 56.1 (b)(3)(A) ¶37) In a July 9, 1998 memo, defendant announced that a replacement for plaintiff as branch manager had been hired and that plaintiff would be the assistant branch manager. (Id. ¶27) Plaintiff had been advised by Larson in a July 9, 1998 phone conversation about these changes. (LR 56.1(a) ¶ 41(a)) During this conversation plaintiff asked why she was being demoted and Larson responded she was lucky she was not getting a pay cut. (Id. ¶ 41(b)) Effective September 1, 1998, plaintiff reported to Scott Drexler, who became the branch manager. (LR 56.1(a) ¶28) As Assistant Vice President/ Assistant Branch Manager plaintiff's pay and benefits were not reduced from when she was branch manager. (Id. ¶85) In an August 25, 1998 meeting with Metz and Larson, Metz asked plaintiff for her anticipated retirement date and told her that if she did not retire she would be terminated. (Id. ¶42(a)) At this meeting, defendant advised plaintiff she would be terminated on December 31, 1998 if she did not resign. (LR 56.1 (b)(3)(A) ¶42(d)) Following this meeting, plaintiff wrote Metz a letter stating she would not be setting a retirement date "but will give you one month's notice when my home is sold of my last day of work." (LR 56.1(a) ¶43) Plaintiff denies she ever told defendant she intended to retire. Plaintiff was terminated December 31, 1998. In February 1999, defendant hired Rose Sollinger to be assistant branch manager (but not an assistant vice president) at Kirkland. (Id. ¶74) Plaintiff filed a EEOC charge on January 12, 1999 charging age and sex discrimination in being demoted, in being paid less than Drexler, and in being required to wear a uniform and perform menial tasks.[2]

Plaintiff does not present direct evidence of discrimination but instead proceeds under the indirect method. This method is the same for both ADEA and Title VII claims. See Peele v. Country Mutual Ins. Co., 288 F.3d 319, 326 (7th Cir. 2002) In order to establish a prima facie case of age or sex discrimination plaintiff must show: (1) she is a member of a protected class; (2) she was performing her job satisfactorily; (3) she experienced an adverse employment action; and (4) similarly situated individuals were treated more favorably. Traylor v. Brown, No. 01-2542, 2002 WL 1484483, *3 (7th Cir. July 12, 2002). Plaintiff is a member of a protected class under both Title VII (female) and the ADEA (person over age 40). There is no dispute she was performing her job satisfactorily. In her EEOC charge, plaintiff claims she was demoted because of her sex and age. However, she was not subject to any reduction in wages or benefits. The LR 56.1 statements of the parties do not show any other evidence of a demotion except for the change in title to assistant branch manager, plaintiff's reporting to the new branch manager, and plaintiff's statement she now had to perform certain menial tasks. She remained an assistant vice president. The evidence does not show the change to assistant branch manager which included being required to perform a minimal amount of menial work was a materially adverse employment action. See Gorence v. Eagle Food Centers, Inc., 242 F.3d 759, 766 (7th Cir. 2001).[3] Plaintiff makes no argument concerning uniforms in her brief and has therefore abandoned this claim. See Clay v. Holy Cross Hosp., 253 F.3d 1000, 1008 (7th Cir. 2001). Plaintiff's claim that other employees were forced to retire or were otherwise mistreated due to age or sex is unsupported by admissible evidence. Plaintiff's opinion and hearsay are not sufficient. See Williams v. Rockford Pub. Sch. Dist. 205, No. 00 C 50105, 2002 WL 221545 * 3 (N.D. Ill. Feb. 12, 2002) (Reinhard, J.). Plaintiff's unequal pay claim fails because to the extent the record shows a pay differential between plaintiff when she was branch manager and Drexler when he took over, defendant has offered a nondiscriminatory reason (change in job responsibilities shifting lending responsibility for commercial and agricultural lending for the branch from an employee at the main bank to the branch manager) which plaintiff has not rebutted. See Markel v. Board of Regents of the Univ. of Wisc.Sys., 276 F.3d 906, 913 (7th Cir. 2002).

Plaintiff's termination, of course, was a materially adverse employment action. Defendant argues plaintiff is precluded from raising her discharge because it was not included in her EEOC charge, which was filed after she was discharged. The court will consider this claim since it is at least arguably reasonably related to the facts giving rise to the demotion claim. Defendant's essential factual claim is that it believed plaintiff was going to quit when her house sold, hired a replacement, and terminated plaintiff because it did not need her and the replacement. Plaintiff's replacement was a male under 40. She has presented a prima facie age and sex discrimination case as to her discharge.

The burden of production therefore shifts to defendant to articulate a legitimate nondiscriminatory reason for terminating plaintiff. Defendant has done so. The evidence presented shows defendant has articulated its belief that plaintiff was going to retire, its desire to hire her replacement in time for her to train the replacement, and the fact plaintiff did not give them a retirement date after the replacement was hired leaving them with two individuals for one position as its reason for terminating plaintiff. Plaintiff then must present evidence to establish the articulated reason is a pretext for discrimination, that is a lie to cover defendant's actual discriminatory intent. See Peele, 288 F.3d at 326. This plaintiff has not done. The evidence taken most favorably to plaintiff shows she did not tell defendant she intended to retire. However, it is undisputed Metz told plaintiff on May 28, 1998 that he intended to hire a replacement because of her intention to leave the defendant after her house sold. Plaintiff has not presented any evidence to show defendant did not prior to hiring Drexler honestly believe plaintiff was going to leave when her house sold. Defendant may have been wrong in holding this belief but the court is not a super-personnel department that can correct employer's mistakes. See Traylor, 2002 WL 1484483 at * 5. There is no evidence defendant's stated reason for termination was a lie to cover its intent to discriminate based on age or sex. Plaintiff's assertion she was terminated on December 31, 1998 in retaliation for filing an EEOC charge in November, 1998 is unsupported by the record. Plaintiff acknowledges her termination date was set August 25, 1998, well before the EEOC charge. (LR 56.1 (a) ¶ 42(d); id. (b)(3)(A) ¶ 42(d)).

For the foregoing reasons, defendant's motion for summary judgment is granted and this case is dismissed in its entirety.

---

[1] Plaintiff makes no response to ¶ 33h which is therefore taken as true.

[2] Defendant objected pursuant to Fed. R. Civ. P. 72(a) to the magistrate judge's order granting plaintiff leave to file her brief instanter after the established filing deadline and asks the court to strike the brief. Plaintiff had been given two extensions prior to her motion which was brought after the lapse of the latest extension. A magistrate judge's order on a non-dispositive matter may be modified or set aside by a district judge only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district court must be left with "the definite and firm conviction that a mistake has been made" to overturn the magistrate judge's ruling. Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (1997). Given the strong preference to decide matters on the merits, the magistrate judge's order allowing the brief to be filed late is not clearly erroneous.

[3] Even if the court had found plaintiff established a prima facie case on the demotion claim, she fails to show defendant's articulated reason for its action was a pretext for discrimination as discussed below.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Margaret M. Leibforth

v.

Belvidere National Bank, et al.

**JUDGMENT IN A CIVIL CASE**

Case Number: 99 C 50381

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted and this case is dismissed in its entirety.

All orders in this case are now final and appealable.

FILED-WD 02 JUL 30 AM 10: 33 CLERK U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 7/30/2002

Susan M. Wessman, Deputy Clerk